UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

vs. : Cr No. 08-03 ML

STEVEN DeFREITAS :

DEFENDANT'S SENTENCING MEMORANDUM

The defendant here submits the following sentencing memorandum for the court's consideration.

1. Advisory Guideline Range.

The Pre-Sentence Report sets the defendant's guideline range at 12 to 18 months of imprisonment, based on an offense level of 12 and a criminal history category of II. PSR at ¶ 48.

2. Defense Counsel's Sentencing Recommendation.

In view of the following analysis of the factors set out in 18 U.S.C. § 3553(a), defense counsel hereby recommends a sentence of five (5) years probation with a special condition that the defendant satisfy the tax loss to the United States during the period of probation.

3. 18 U.S.C. § 3553(a).

Under the decision of the United States Supreme Court in United States v. Booker, 543 U.S. 220 (2005), a sentencing court must look to the factors listed in 18 U.S.C. § 3553(a) and impose a sentence that is "sufficient, but not greater than necessary to comply with" the goals of sentencing.

A. Nature of the offense.

The offense here, evading income taxes, is serious because the failure to pay taxes tends to undermine the foundation of the United States government. The failure to pay taxes is, however, a non-violent offense. Steven DeFreitas has a minor criminal history, with one small countable offense. Mr. DeFreitas has acknowledged the seriousness of the offense by agreeing to plead guilty early and by waiving indictment. The decision to waive indictment saves the government time and money by allowing the United States Attorney to devote grand jury resources to other cases where defendants are not willing to demonstrate their acceptance of responsibility.

The defendant was not the mastermind of the scheme to not pay payroll taxes. He has been debriefed by the government and gave truthful statements to those questioned posed to him by investigators. Mr. DeFreitas had the right to refuse to speak to government investigators, however, in recognition of both the

seriousness of his offense and his acceptance of responsibility, he did provide truthful information. This fact serves to set Mr. DeFreitas apart from most other defendants who come before the court.

B. Defendant's characteristics.

Although the defendant has had some minor scrapes with the law, Steven DeFreitas has led an otherwise law-abiding life. He has worked throughout his adult life in the construction field. Despite the fact that he was unemployed since some time in 2007, the Mr. DeFreitas has recently accepted employment at Rhode Island Hospital. Mr. DeFreitas works full time as a carpenter, making $20.75 per hour.

Perhaps the most significant aspect of Mr. DeFreitas' character is his devotion to his elderly mother, Alda DeFreitas. Due to Mrs. DeFreitas' mobility issues, counsel has recorded a videotaped statement of her description of the care provided to her by Steven DeFreitas. (A copy of the videotaped statement is submitted along with this memorandum).

Clearly, Steven DeFreitas, who lives with his mother, provides most of her essential care. He does cooking, cleaning, shopping, laundry and provides Alda DeFreitas with assistance in getting out of the house for occasional rides. While Mrs. DeFreitas does have another son who lives locally, he travels for work and

has his own children. As a result, Paul DeFreitas does not play the same, critical role in Alda DeFreitas' care as does Steven DeFreitas. While counsel cannot represent that Steven DeFreitas' role as a care giver is completely irreplaceable, it appears from all that is known that it would be extremely difficult to replace his services.

Even while working at Rhode Island Hospital, Mr. DeFreitas has continued to provide the same level of care for his mother.

C. The need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.

A sentence of five years probation, with the requirement that the tax loss of $69,410 be paid during that period of time would certainly reflect the seriousness of the offense and would provide a just punishment. As stated above, the offense of evading income taxes is a non-violent crime. The court should note that a federal felony conviction cannot be expunged. As a result, the fact of this conviction will follow Mr. DeFreitas for the rest of his life. In addition, Steven DeFreitas has demonstrated his recognition for the seriousness of the offense and his respect for the law by agreeing to plead early, by waiving indictment and by agreeing to speak to investigating agents.

D. The need to protect the public from further crimes of the defendant.

Mr. DeFreitas' criminal history shows only one countable offense in the past twenty years. Based upon that fact, it appears unlikely that he will commit any additional crimes.

E. The need for deterrence.

The government may argue that the court should impose a jail sentence to deter others from committing similar crimes relating to tax evasion. Defense counsel would respectfully argue that the imposition of a substantial, five year period of probation, with a condition that the tax loss be paid, serves equally to deter future violations. If the defendant has to re-pay that which was lost, presumably with interest and penalties, then he would be deterred from any future income tax violations. Other similarly-situated, would-be tax evaders would also be deterred from not filing tax returns if they know, with certainty, that they would have to pay the taxes eventually, with penalties and interest.

F. Need to provide defendant with education, training.

Mr. DeFreitas has been trained in the carpentry and construction trade. Little would be gained by incarcerating him. From what is contained in the PSR, it does not appear that Mr. DeFreitas needs any significant correctional treatment.

4. Conclusion.

For the reasons set forth herein, the defendant prays that this Honorable Court sentence Steven DeFreitas to five (5) years probation with a special condition of probation that the tax loss of $69,410 be paid in full.

STEVEN DeFREITAS,
By his attorney,

/s/ Edward C. Roy, Esquire
Assistant Federal Public Defender
Office of the Federal Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
(401) 528 - 4281
Edward_Roy@fd.org

CERTIFICATION

I hereby certify that I caused a copy of the within to be served upon Andrew Reich, AUSA and Heather McLoughlin, USPO on the 5th day of June, 2008 by way of ECF case filing.

/s/ Edward C. Roy